**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RADHA GEISMANN, M.D., P.C.,** )<br>**Individually and as the Representative** )<br>**of a Class of Similarly-Situated Persons,** )<br>)<br>**Plaintiff,** )<br>) **CIVIL ACTION**<br>**v.** )<br>) **No. 07-2575-KHV**<br>**AESTHETICARE, LLC,** )<br>)<br>**Defendant.** )<br>_____) | |

## MEMORANDUM AND ORDER

Radha Geismann, M.D., P.C. brought a putative class action against Aestheticare, LLC in Kansas state court alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and conversion under Kansas law. See Class Action Petition, attached as Exhibit A to Notice Of Removal (Doc. #1) filed December 10, 2007. Aestheticare removed the action pursuant to 28 U.S.C. §§ 1441 and 1446, and asserted subject matter jurisdiction under 28 U.S.C. § 1332(a), the general diversity statute. See Notice Of Removal (Doc. #1). This matter comes before the Court on Plaintiff's Motion To Remand And For Attorney's Fees (Doc. #4) filed December 21, 2007, Defendant's Motion To Amend Notice Of Removal (Doc. #6) filed December 21, 2007, Plaintiff's Motion For Leave To File Sur-reply Brief In Opposition To Defendant's Motion To Amend Notice Of Removal (Doc. #11) filed January 23, 2008, and Plaintiff's Motion For Leave To File Supplemental Brief In Support Of Plaintiff's Motion For Remand And Attorney's Fees (Doc. #20) filed March 11, 2008. For reasons stated below, the Court sustains the motion to remand and for attorney's fees, and overrules the remaining motions.

**I.	Plaintiff's Motion To Remand**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Section 1446(a) requires that defendant file a notice of removal in the federal court which contains a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Court applies a presumption against removal jurisdiction, Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), and defendant bears the burden to demonstrate the appropriateness of removal from state to federal court, Baby C v. Price, 138 Fed. Appx. 81, 83 (10th Cir. 2005) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Removal statutes are strictly construed and the Court resolves all doubts against removal. Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

In the notice of removal, Aestheticare asserts that "this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) . . . because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states."[1] Notice Of Removal (Doc. #1) ¶ 9. General diversity jurisdiction is the sole basis of removal which Aestheticare sets forth in the notice of removal.[2] In its motion to remand, plaintiff argues that the notice of removal is defective because

---

[1] Section 1332(a)(1) provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

[2] The TCPA is a federal law which generally prohibits the "use of any telephone
(continued...)

it does not establish that each member of the putative class has a claim which exceeds the jurisdictional minimum of $75,000.

In diversity-based class actions, the general rule of this circuit is that each member of the putative class must meet the $75,000 amount in controversy under Section 1332(a).  See Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co., 407 F.3d 1091, 1104 (10th Cir. 2005).  Where at least one member of the class has a claim which exceeds $75,000, however, the Court may exercise supplemental jurisdiction over the remaining class members' claims which arise out of the same case or controversy.  See Exxon Mobil Corp. Allapattah Servs., Inc., 545 U.S. 546, 558 (2005) (discussing supplemental jurisdiction under 28 U.S.C. § 1367(a) in cases involving claims of multiple parties).  In removed cases, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  Laughlin, 50 F.3d at 873.

Here, plaintiff's state court petition affirmatively alleges that the "individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees."  Class Action Petition, attached as Exhibit A to Notice Of Removal (Doc. #1) ¶ 8.  Aestheticare's notice of removal calculates the

---

²(...continued)
facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  47 U.S.C. § 227(b)(1(C).  Because the TCPA provides that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" an action for violation of the statute, id. § 227(b)(3), several circuit courts have determined that claims under the TCPA do not involve federal questions, see Fun Servs. of Kansas City, Inc. v. Hertz Equip. Rental Corp., No. 07-2244-CM, 2008 WL 341475, at *4 (D. Kan. Feb. 6, 2008) (discussing circuit court opinions which reject federal question jurisdiction under the TCPA).  The Tenth Circuit has reserved ruling whether TCPA claims may be asserted as federal questions, see US Fax Law Ctr., Inc. v. iHire, Inc., 476 F.3d 1112, 1115 n.3 (10th Cir. 2007), but has determined that diversity jurisdiction may support such claims in federal court, see id. at 1117-18.  Because Aestheticare does not assert federal question jurisdiction as a basis of removal, the Court need not consider whether TCPA claims may be brought as federal questions.

amount in controversy as follows:

> With respect to damages, Plaintiff and each class member is alleged to be entitled to $500 for each unsolicited fax received under the TCPA, trebled to $1,500 if the faxes were sent knowingly in violation of the TCPA. Although Plaintiff alleges each class member is entitled to less than $75,000 in individual damages, the total value of damages here is in excess of the $75,000 jurisdictional threshold based on the sending of over 1,000 faxes that may have been in violation of the TCPA. Thus, the amount in controversy, at a minimum, is in excess of $500,000.

Notice Of Removal (Doc. #1) ¶ 6. The Court agrees with plaintiff that the notice of removal does not demonstrate that any putative class member has a claim which exceeds $75,000. Aestheticare has simply totaled the claims of the entire class to calculate the amount in controversy, which is an improper technique in this case. See Elliott Indus., 407 F.3d at 1105 (unless they involve single indivisible res, plaintiffs' separate claims cannot be aggregated to satisfy jurisdictional amount). Because Aestheticare has not demonstrated that any plaintiff asserts a claim for more than $75,000, the Court has no jurisdiction under Section 1332(a) and that provision cannot form the basis of removal under Section 1441(a). The notice of removal does not otherwise establish subject matter jurisdiction.

Attempting to avoid remand, Aestheticare seeks leave to amend its notice of removal to make additional allegations of jurisdiction. As discussed below, the Court denies leave to amend and remands this case to state court.

**II.     Defendant's Motion For Leave To Amend Notice Of Removal**

As noted above, 28 U.S.C. § 1446(a) requires defendant to effect removal by filing a notice of removal in the federal court. Subsection (b) of that statute mandates that defendant file the notice of removal within 30 days after receiving notice of the removable claim. See 28 U.S.C. § 1446(b). At any point during this 30-day period, defendant is free to amend the notice of removal. Pepsi-Cola

Bottling Co. of Pittsburgh v. Bottling Group L.L.C., No. 07-2315-JAR, 2007 WL 2954038, at *3 (D. Kan. Oct. 10, 2007); see also 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (3d ed. 1998) (notice of removal may be amended freely by defendant before expiration of 30-day period for seeking removal).  After the expiration of the 30-day period, defendant may amend the notice of removal under 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Pepsi-Cola Bottling Co., 2007 WL 2954038, at *3 (citing Mason v. Thompson, No. CIV-05-1464-HE, 2006 WL 1134939, at *1 (W.D. Okla. Apr. 27, 2006)).

Here, plaintiff served Aestheticare with the state court petition on November 12, 2007.  See Notice Of Removal (Doc. #1) ¶ 11.  Because Aestheticare filed its motion for leave to amend its notice of removal on December 21, 2007 – more than 30 days after receiving the petition – the Court considers the motion under Section 1653.  Plaintiff argues that the Court should deny leave to amend because the amended notice of removal (1) presents a new ground for removal, and (2) is insufficient to establish subject matter jurisdiction.

        A.        Whether The Amended Notice Of Removal Presents A New Ground For Removal

Section 1653 permits amendment of "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Daneshvar v. Graphic Tech., Inc., 237 Fed. Appx. 309, 314 (10th Cir. 2007) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989)).  In other words, Section 1653 does not allow the Court to amend a pleading so as to produce jurisdiction where none actually existed before.  Id.  Section 1653 is designed to broadly permit amendment of jurisdictional allegations defective in form, not substance, so as to avoid dismissal on technical grounds.  Hung Duc Bui v. IBP, Inc., 201 F.R.D. 509, 513 (D. Kan. 2001)

(citing Brennan v. Univ. of Kan., 451 F.2d 1287, 1289 (10th Cir. 1971)). The Court maintains discretion in applying Section 1653 and should construe the statute "liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist." Daneshvar, 237 Fed. Appx. at 315. Although Section 1653 allows defendant to cure technical defects in a notice of removal, it does not allow for the addition of a new ground for removal. Mason, 2006 WL 1134939, at *1; see also Wright, Miller & Cooper, supra, § 3733 (amendment may seek to correct imperfect statement of citizenship, state previously articulated grounds more fully, or correct jurisdictional amount; completely new grounds may not be added and missing allegations may not be furnished).

Here, Aestheticare requests leave to amend the notice of removal to allege facts supporting jurisdiction under 28 U.S.C. § 1332(d). Specifically, Aestheticare seeks to amend paragraph six of the notice – set forth above – to read:

> With respect to damages, Plaintiff and each class member is alleged to be entitled to $500 for each unsolicited fax received under the TCPA, trebled to $1,500 if the faxes were sent knowingly in violation of the TCPA. Although Plaintiff alleges each class member is entitled to less than $75,000 in individual damages, the total value of damages here is in excess of the $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d) based on the sending of over 5,000 faxes that may have been in violation of the TCPA. Under the statutory damages set by the TCPA, damages would be up to $1,500 for every fax found to be unsolicited and sent knowingly in violation of the TCPA. Thus, the amount in controversy is in excess of $5,000,000.

Amended Notice Of Removal, attached as Exhibit A to Defendant's Motion To Amend Notice Of Removal (Doc. #6) ¶ 6. Plaintiff argues that the proposed amendment is improper because Section 1332(d) constitutes a new ground for removal. Aestheticare responds that the amendment only clarifies the amount in controversy, which does not change the substance of the original notice of removal.

The question whether Section 1332(d) constitutes a new ground for removal when defendant previously removed the action under Section 1332(a) is a novel one. Enacted as part of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, Section 1332(d) provides in pertinent part that

> [t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . .

28 U.S.C. § 1332(d)(2)(A). As explained by the Tenth Circuit, Section 1332(d) "extends the subject matter jurisdiction of the federal courts to encompass putative class actions in which at least one plaintiff class member is diverse from one defendant and where the amount in controversy exceeds $5 million." Weber v. Mobil One Corp., 506 F.3d 1311, 1313 (10th Cir. 2007).

According to Aestheticare, the only practical difference between Section 1332(a) and Section 1332(d) is the amount in controversy requirement. The Court disagrees. By enacting Section 1332(d), Congress intended to "expand substantially federal court jurisdiction over class actions." S. Rep. No. 109-14, at 43 (2005). To that end, Section 1332(d) alters several traditional principles of diversity jurisdiction. Contrary to Aestheticare's contention that it need only amend the notice of removal to clarify the amount in controversy, the shift from Section 1332(a) to Section 1332(d) requires Aestheticare to demonstrate several distinct jurisdictional facts.

### 1. Amount In Controversy

With regard to the amount in controversy, the notice of removal must set forth the underlying facts supporting the assertion that the amount exceeds the jurisdictional minimum. Laughlin, 50 F.3d at 873. As discussed above, Section 1332(a) required Aestheticare to allege facts which would support the conclusion that at least one class member had a claim worth more than

-7-

$75,000. In that regard, the original notice of removal calculated an amount in controversy based on 1,000 unsolicited faxes at the minimum statutory penalty of $500 apiece under subsection (b)(3)(B) of the TCPA, 47 U.S.C. § 227(b)(3)(B). See Notice Of Removal (Doc. #1) ¶ 6. Section 1332(d), on the other hand, changes the amount in controversy from $75,000 to $5 million and alters the method used to calculate that amount by allowing defendant to aggregate plaintiffs' claims in order to meet the jurisdictional threshold. See 28 U.S.C. § 1332(d)(6). In the amended notice of removal, Aestheticare has alleged an amount in controversy which exceeds $5 million by increasing the number of unsolicited facsimiles to 5,000 and trebling damages for each one to $1,500 under subsection (b)(3)(C) of the TCPA, 47 U.S.C. § 227(b)(3)(C). See Amended Notice Of Removal, attached as Exhibit A to Defendant's Motion To Amend Notice Of Removal (Doc. #6) ¶ 6.

These changes are not merely clarifications of the amount in controversy. Cf. Pepsi-Cola Bottling Co., 2007 WL 2954038, at *3 (permitting amendment of removal notice to further specify facts supporting amount in controversy which defendant originally claimed). Whether Aestheticare sent 1,000 or 5,000 unsolicited facsimiles is a substantive matter, not simply a technical point. Whether plaintiff may claim $500 or $1,500 in damages per facsimile depends on whether Aestheticare wilfully violated the TCPA, an element which requires additional evidence of a heightened mental state. The significant increase in both the number of facsimiles and the penalty associated with their transmission reflects a material alteration to the notice of removal, which is not the function of Section 1653. See Mason, 2006 WL 1134939, at *2 (distinguishing between material and technical amendments to removal notice; material changes which may lead to significant factual disputes not proper under Section 1653). Aestheticare cites no authority for the proposition that Section 1653 allows a removing party to substantiate a brand new amount in controversy through

amendment of the notice of removal.

### 2. Diversity Of Parties

Section 1332(d) changes certain rules which control whether the parties are sufficiently "diverse." Jurisdiction under Section 1332(a) has traditionally required complete diversity between all plaintiffs and all defendants. Radil v. Sandborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Section 1332(d), however, requires only minimal diversity, i.e., one plaintiff who is diverse from one defendant. Prime Care of Nw. Kan., LLC v. Humana Ins. Co., 447 F.3d 1284, 1285 (10th Cir. 2006). The minimal diversity requirement sets a much lower threshold of diversity with an attendant relaxation of required factual support.[3]

In terms of citizenship, Section 1332(d) changes the rules governing unincorporated associations. Compare 28 U.S.C. § 1332(d)(10) (for purposes of Section 1332(d), "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"), with Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) ("For purposes of [Section 1332(a)], the citizenship of an unincorporated association is the citizenship of the individual members of the association."). This aspect of Section 1332(d) is particularly significant in this case because Aestheticare is a limited liability

---

[3] In class actions, diversity is determined between named plaintiffs and named defendants. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). With only one named plaintiff and one named defendant in this case, the practical difference between complete diversity and minimal diversity has disappeared. Under either Section 1332(a) or Section 1332(d), Aestheticare bears an identical burden to demonstrate that it is diverse from plaintiff. The fundamental difference between complete diversity and minimal diversity, however, suggests that in general Sections 1332(a) and 1332(d) present distinct bases of jurisdiction.

company.[4]  With its allegation of jurisdiction under Section 1332(a), Aestheticare was required to allege the citizenship of each of its members.[5]  Under Section 1332(d), Aestheticare must allege its principal place of business and state of organization.  These two definitions of citizenship necessitate distinct factual support and reveal another material difference between Sections 1332(a) and 1332(d).[6]

### 3. Number Of Plaintiffs

Jurisdiction under Section 1332(d) requires a putative class of at least 100 members. 28 U.S.C. § 1332(d)(5)(B).  Section 1332(a), on the other hand, is not class-based and does not impose a similar restriction.  As a factual matter, the 100-member requirement of Section 1332(d) forces the removing party to demonstrate that the putative class is sufficiently numerous, a substantive jurisdictional allegation which is unique to that provision.  Because Aestheticare did not demonstrate the size of the putative class on removal under Section 1332(a), the numerosity requirement forces a material alteration when amending the notice of removal to satisfy

---

[4] The notice of removal identifies Aestheticare as a limited liability *corporation*.  See Notice Of Removal (Doc. #1) ¶ 4.  Under Kansas law, however, the designation "LLC" denotes a limited liability *company*.  K.S.A. § 17-7664(a).  Because limited liability corporations do not exist under Kansas law, Aestheticare is clearly an unincorporated association.

[5] The notice of removal is defective in this respect.  Specifically, it alleges that Aestheticare has "its principal place of business or corporate headquarters in Leawood, KS."  Notice Of Removal (Doc. #1) ¶ 4.  The notice of removal does not allege the citizenship of each member of Aestheticare.

[6] Because Aestheticare improperly alleged its citizenship under Section 1332(a) in the original notice of removal by describing only its principal place of business and state of organization, it did not need to amend that allegation to comply with the citizenship requirements of Section 1332(d)(10).  Superficially, this suggests that Aestheticare has not raised a new ground for removal in the amended notice.  The Court, however, will not give Aestheticare the benefit of its mistake.  In all cases of properly-pleaded citizenship, the difference in determining the citizenship of unincorporated associations under Sections 1332(a) and 1332(d) compels distinct factual support for each theory of jurisdiction.

Section 1332(d).

Having failed to establish jurisdiction under Section 1332(a), Aestheticare seeks to amend the notice of removal to satisfy Section 1332(d). As just discussed, this shift affects a substantial change in the theory of jurisdiction and the underlying facts necessary to support such jurisdiction. Altogether, the fundamental differences between Sections 1332(a) and 1332(d) suggest that when the original notice of removal alleged jurisdiction under only Section 1332(a), asserting jurisdiction under Section 1332(d) in the amended notice of removal constitutes a new ground for removal. Although this is a matter of first impression, the Court's conclusion is consistent with the opinions of other courts which have described Sections 1332(a) and 1332(d) as independent bases of jurisdiction. See, e.g., Dunham v. Coffeyville Res., LLC, No. 07-1186-JTM, 2007 WL 3283774, at *5 (D. Kan. Nov. 6, 2007) (describing Section 1332(a) as alternative ground for jurisdiction when Section 1332(d) did not create jurisdiction); Wexler v. United Air Lines, Inc., 496 F. Supp.2d 150, 151 (2007) (describing Sections 1332(a) and 1332(d) as independent bases of federal subject matter jurisdiction). Because Section 1653 does not permit the addition of a new ground for removal through amendment of the notice of removal, the Court overrules Aestheticare's motion to amend the notice of removal.[7]

B.   Whether The Amended Notice Of Removal Establishes Subject Matter Jurisdiction

Even if the Court did not consider Section 1332(d) to be a new ground for removal, the

---

[7]   Although Section 1332(d) expresses a legislative intent that deserving class actions be given a federal forum, that policy principle does not create an exception to the general rule that outside the 30-day period for removing actions under 28 U.S.C. § 1446(b), Aestheticare may not amend its notice of removal to assert a new ground for removal. As the Senate Judiciary Committee explained, Section 1332(d) "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court *if properly removed* by any defendant." S. Rep. No. 109-14, at 43 (2005) (emphasis added).

-11-

amended notice of removal does not sufficiently establish jurisdiction under that provision. Because the Court applies a presumption against removal jurisdiction, it may deny such jurisdiction "if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. 775, 778 (10th Cir. 2005). The removing party must justify its jurisdictional allegations by a preponderance of the evidence. McNutt, 298 U.S. at 189.

As noted above, Section 1332(d) permits the Court to exercise jurisdiction over certain class actions involving at least 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff's state court petition alleged that the putative class "consists of thirty-eight or more persons in Kansas and throughout the United States." Class Action Petition, attached as Exhibit A to Notice Of Removal (Doc. #1) ¶ 17. This allegation, by itself, is insufficient to suggest that the putative class contains at least 100 members. The amended notice of removal does not speak to class size, let alone demonstrate that the putative class contains at least 100 members. Because the record does not support the jurisdictional prerequisite that the putative class contain at least 100 members, the Court cannot exercise jurisdiction under Section 1332(d).

Moreover, Aestheticare must set forth in the notice of removal the underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional minimum. See Laughlin, 50 F.3d at 873. Here, Aestheticare calculates in the amended notice of removal an amount in controversy based on 5,000 unsolicited facsimiles with trebled damages of $1,500 per transmission (i.e., three times the basic statutory penalty of $500 under the TCPA). As previously discussed, the estimate of 5,000 facsimiles represents a significant increase from the original notice of removal. The record offers no support for that estimate, which appears to be nothing more than a product of

convenient mathematics.[8] Aestheticare also has not identified any record evidence which suggests that it more likely than not committed willful violations of the TCPA such that the class may recover treble damages. The amount in controversy which Aestheticare calculates in the amended notice of removal is pure speculation, which cannot sustain jurisdiction under Section 1332(d). See C & E, Inc. v. Friedman's Jewelers, Inc., No. CV 107-122, 2008 WL 64632, at *2-3 (S.D. Ga. Jan. 4, 2008) (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1220-21 (11th Cir. 2007)) (allegation under TCPA that defendant sent facsimiles to "hundreds, if not thousands" of recipients constitutes speculation and is not sufficient – even where plaintiffs seek treble damages – to establish jurisdiction by preponderance of evidence under Section 1332(d)).

For these reasons, the Court finds that even if it considered the substance of Aestheticare's proposed amendment, the notice of removal would be insufficient to establish the Court's subject matter jurisdiction.

---

[8] Given the alleged class of 38 plaintiffs, this 5,000 facsimile estimate suggests that Aestheticare transmitted approximately 130 facsimiles to each plaintiff on average.

In its reply on the motion to amend the notice of removal, Aestheticare attaches the affidavit of officer Matt Taranto, who states that "[t]he alleged illegal facsimiles . . . are believed to be in excess of 5,000 in number." Affidavit Of Matt Taranto, attached as Exhibit A to Defendant's Reply Memorandum In Support Of Its Motion To Amend Notice Of Removal (Doc. #9) filed January 17, 2008 ¶ 3. The Tenth Circuit has expressly rejected this sort of attempt to cure deficiencies in a notice of removal through after-the-fact affidavits. See Okla. Farm Bureau, 149 Fed. Appx. at 778. Furthermore, the affidavit does not reflect Taranto's personal knowledge of the 5,000 facsimile estimate. See Colttech, LLC v. JLL Partners, Inc., --- F. Supp.2d ----, 2008 WL 612692, at *2 n.3 (D. Kan. Mar. 5, 2008) (phrases such as "to the best of my knowledge" or "on information and belief" do not suffice for personal knowledge in affidavit). For these reasons, the Court disregards Taranto's affidavit.

In its motion for leave to file a surreply, plaintiff argues that Taranto's affidavit constitutes new material which justifies the surreply. In its motion for leave to file a supplemental brief, plaintiff seeks to present evidence that contradicts Taranto's affidavit. Because the Court disregards the affidavit, the surreply and supplemental brief are not necessary and plaintiff's motions are therefore overruled.

### III.     Plaintiff's Request For Attorney's Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." Plaintiff argues that it is entitled to attorney's fees under this provision because Aestheticare's removal "was clearly without merit." Aestheticare responds that it had a reasonable basis for removal.

On this issue, the Supreme Court recently recognized that

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The reasonableness test serves to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140. The Court maintains discretion whether to award attorney's fees on remand to state court. See Kansas ex rel. Morrison v. Price, 242 Fed. Appx. 590, 593 (10th Cir. 2007) (reviewing award of fees under Section 1447(c) for abuse of discretion).

Here, the Court finds no objectively reasonable basis for removing this action from state court. With regard to jurisdiction under Section 1332(a), Aestheticare conceded that no individual plaintiff could meet the $75,000 amount in controversy and claimed only that plaintiffs' aggregated damages surpassed the jurisdictional threshold. As explained above, aggregation is clearly not a proper method for calculating the amount in controversy in this case. By conceding that no individual plaintiff could satisfy the amount in controversy, Aestheticare effectively admitted that removal under Section 1332(a) was not objectively reasonable.

With regard to Section 1332(d), the Court recognizes the absence of authority whether that provision constitutes a new ground for removal when the original notice of removal cited only Section 1332(a). Under these circumstances, Aestheticare's arguments in support of the motion to amend the notice of removal are not unreasonable. Even if the Court were to grant leave to amend the notice of removal, however, Aestheticare has not set forth an objectively reasonable basis for removal under Section 1332(d). Specifically, the amended notice of removal contained only speculation regarding the amount in controversy and did not even attempt to establish that the class was sufficiently numerous to satisfy Section 1332(d)(5)(B). As explained in Martin, the "failure to disclose facts necessary to determine jurisdiction" may justify attorney's fees under Section 1447(c). 546 U.S. at 141. Because Aestheticare has not made a colorable argument that this case satisfies the statutory criteria for removal under Section 1332(d), the Court finds that it lacked an objectively reasonable basis for removing the case under that provision.

Having found no objectively reasonable basis for removing this case from state court, the Court finds that plaintiff is entitled to attorney's fees and costs expended in defending the removal litigation. The Court orders the parties to comply with D. Kan. Rule 54.2 in determining the proper award of fees and costs. If the parties are able to agree on the proper award of fees and costs, they shall file a stipulation on or before **April 18, 2008**. If the parties are unable to agree on the proper award of fees and costs, on or before **April 25, 2008**, plaintiff shall file a statement of consultation required by D. Kan. Rule 54.2 and a memorandum setting forth the factual basis for an award with supporting time records, affidavits or other evidence. On or before **May 2, 2008**, defendant may file a response. On or before **May 9, 2008**, plaintiff may file a reply.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Remand And For Attorney's Fees (Doc. #4) filed December 21, 2007 be and hereby is **SUSTAINED**. This matter is hereby **REMANDED** to the District Court of Johnson County, Kansas. Aestheticare shall pay plaintiff its attorney's fees and costs expended in defending the removal litigation.

**IT IS FURTHER ORDERED** that the parties shall comply with D. Kan. Rule 54.2 in determining the proper award of fees and costs. If the parties are able to agree on the proper award of fees and costs, they shall file a stipulation on or before **April 18, 2008**. If the parties are unable to agree on the proper award of fees and costs, on or before **April 25, 2008**, plaintiff shall file a statement of consultation required by D. Kan. Rule 54.2 and a memorandum setting forth the factual basis for an award with supporting time records, affidavits or other evidence. On or before **May 2, 2008**, defendant may file a response. On or before **May 9, 2008**, plaintiff may file a reply.

**IT IS FURTHER ORDERED** that Defendant's Motion To Amend Notice Of Removal (Doc. #6) filed December 21, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To File Sur-reply Brief In Opposition To Defendant's Motion To Amend Notice Of Removal (Doc. #11) filed January 23, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To File Supplemental Brief In Support Of Plaintiff's Motion For Remand And Attorney's Fees (Doc. #20) filed March 11, 2008 be and hereby is **OVERRULED**.

Dated this 9th day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge